HEIERMAN,
*Appellant,*
*v.*
MURRAY & HOLT
MOTORS, INC.,
*Respondent.*

(No. 78-722, CA 15317)

605 P2d 1359

Paul R. Unger, Redmond, argued the cause for appellant. With him on the brief was Bryant & Erickson, Redmond.

Robert L. Nash, Bend, argued the cause for respondent. With him on the brief was Panner, Johnson, Marceau, Karnopp, Kennedy & Nash, Bend.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff filed a civil action to recover damages for alleged delays by defendant in completing automobile repairs and alleged defects in the repairs. The complaint asked for recovery under a common law breach of contract theory and under the Unlawful Trade Practices Act, ORS 646.605 *et seq.* Plaintiff appeals from the trial court's judgment for defendant in the first cause of action, assigning as error the trial court's refusal of his request for a jury trial, and from an award of attorney fees to defendant following the granting of defendant's motion for nonsuit in the second cause of action. We affirm.

Plaintiff filed his complaint in October, 1978. On February 19, 1979, defendant requested a jury trial. On April 25, 1979, the parties received notice that the trial was set for June 29, 1979, with a jury. On June 27, 1979, two days prior to trial, plaintiff's attorney received a telephone call from a clerk of the court notifying him that defendant was willing to waive the jury trial and asking if he were willing to waive it also.

Plaintiff's attorney stated that he wished to speak with the trial judge and made repeated unsuccessful efforts to contact the judge. He did not make a written request for a jury as required by ORS 46.180, but on the morning of trial orally requested a jury and moved for a continuance in the event a jury was unavailable. The court denied the request and motion.

The case was tried to the court and at the close of plaintiff's case defendant demurred to plaintiff's complaint and moved for an involuntary nonsuit. The court granted the motion for involuntary nonsuit as to the Unfair Trade Practices Cause of Action "for the reason that plaintiff had neither pleaded nor introduced any evidence that any of the alleged unlawful trade practices were willful as required by ORS 646.638(1)." Following the trial the judge, by letter opinion, granted judgment against plaintiff on his first cause of action, granted judgment of nonsuit on

[343]

the second cause of action and awarded defendant $450 in attorney fees.

Plaintiff first contends that the trial court erred in refusing his request for a jury trial. He argues that any withdrawal of a request for a jury trial by the party who originally requested the jury must be accompanied by notice to the other party and an opportunity for that party to make a timely request for a jury trial. He further notes that he did not waive his right to a jury trial by any of the exclusive means provided in ORS 17.035.[1]

Defendant argues that plaintiff received notice from the clerk of the court and failed to file a request for a jury trial, waiting instead to talk to the judge before deciding whether he wanted a jury. Defendant contends that under these circumstances, plaintiff failed to take advantage of notice and opportunity to request a jury and therefore waived his right to a jury.

Contrary to plaintiff's assertion that ORS 17.035 provided for a jury trial if not specifically waived, ORS 46.180 is the applicable statute.[2] *See* ORS 46.100.

ORS 46.180 provides in relevant part:

"(1) In the district court a jury may be demanded in a civil or criminal proceeding upon:

"(a) Notice to the adverse party; and

"(b) Written application to the clerk of the court and payment of the fees not later than five days before trial."

---

[1] ORS 17.035 provides:

"Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and with the assent of the court in other actions, in the manner following:

"(1) By failing to appear at the trial.

"(2) By written consent, in person or by attorney, filed with the clerk.

"(3) By oral consent in open court, entered in the minutes."

[2] Effective January 1, 1980, ORS 17.035 has been repealed. Effective that same date, the jury trial is covered by Rules 50 and 51 of the Oregon Rules of Civil Procedure, which rules do not discuss the method of waiving a jury trial.

[344]

We agree with defendant that since plaintiff had notice of defendant's withdrawal of jury request and failed to make a written request of his own, he never asserted a right to a jury trial under ORS 46.180.

Plaintiff's second assignment of error is based on the following finding in the court's letter opinion:

"The court finds that plaintiff's second cause of action was frivolous, that defendant is entitled to attorney's fees, and that $450 is a reasonable fee."

Citing cases which hold that a judgment of involuntary nonsuit is not a final judgment for purposes of res judicata or collateral estoppel, plaintiff argues that a trial court may not make a "finding of fact" after granting an involuntary nonsuit and that the trial court, therefore, erred in determining that the action was frivolous. Plaintiff's argument is without merit.

The trial judge's award of attorney fees was made pursuant to ORS 646.638(3) which provides:

"(3) In any action brought by a person under this section [Unfair Trade Practices], the court may award, in addition to the relief provided in this section, reasonable attorney fees and costs. If the defendant prevails, the court may award reasonable attorney fees and costs if it finds the action to be frivolous."

While a judgment of nonsuit does not bar another action, defendant clearly prevailed in this action. In granting defendant's motion for nonsuit, the trial court noted that plaintiff neither alleged nor proved that defendant's conduct was willful; those facts are sufficient to support the trial court's conclusion that the cause of action under the Act was frivolous.

Affirmed.