On appellants' reconsideration filed March 16; reconsideration allowed; former opinion filed February 15 (67 Or App 155, 675 P2d 517) reversed and remanded September 5, 1984

## WRIGHT et ux,
*Appellants,*

*v.*

## HINNENKAMP,
*Respondent.*

(16-79-05050; CA A27281)

687 P2d 163

David W. James, Jr., Eugene, for petition.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiffs petition for reconsideration of our previous dismissal of this appeal on the ground that it was not taken from a final judgment as to all the parties and claims. *Wright v. Hinnenkamp,* 67 Or App 155, 675 P2d 517 (1984). We have determined that judgments resolving all of the claims of all of the parties had in fact been entered before plaintiffs filed their notice of appeal and that the notice was timely. We therefore allow the petition for reconsideration.[1] On the merits, we reverse and remand for further proceedings.

On June 28, 1977, plaintiffs purchased two parcels of land from Vincent Hinnenkamp (Vincent), defendant Hinnenkamp's (defendant's) decedent. Vincent conveyed the property by statutory warranty deed. ORS 93.850. Two years later, plaintiffs learned that defendants Lee (Lees) claimed a large portion of one of the parcels by adverse possession and that their claim, if it was valid, had fully matured before Vincent's conveyance. Plaintiffs then brought an action in ejectment against the Lees and a claim for damages against defendant, alleging that Vincent had breached the warranty of title created by the deed. The Lees established their adverse possession claim at the trial, and it is not questioned on this appeal. Before the trial the court, on the basis of stipulations that the Lees' claim was an open, notorious, permanent physical encumbrance, found for defendant on his third affirmative defense—that such an encumbrance is an exception to the warranty against encumbrances in a statutory warranty deed—and dismissed the case against him. The issue the parties argue on appeal is whether such an affirmative defense may legally prevail.

ORS 93.850(2)(c) provides that a statutory warranty deed

"shall include the following covenants, each of which shall run in favor of the grantee and his successors in title as if written in the deed:

"(A)   That at the time of the delivery of the deed the grantor is seized of the estate in the property which the

---

[1] We denied the petition for reconsideration on April 27, 1984, but rescinded that action on May 16, 1984.

*grantor* purports to convey and that he has good right to convey the same.

"(B)  That at the time of the delivery of the deed the property is free of encumbrances except as specifically set forth on the deed.

"(C)  That the grantor warrants and will defend the title to the property against all persons who may lawfully claim the same."

The covenant on which the parties concentrate is covenant (B). There was a common law exception to the warranty against encumbrances for an open, notorious and visible physical encumbrance. The parties were presumed to have known about such an encumbrance and to have excepted it from the conveyance. *See Ford v. White,* 179 Or 490, 172 P2d 822 (1946); *Barnum v. Lockhart,* 75 Or 528, 146 P 975 (1915). The Supreme Court in *Leach v. Gunnarson,* 290 Or 31, 619 P2d 263 (1980), left open the question whether this exception remains an exception after the creation of statutory warranty deeds. Plaintiffs argue that the exception no longer applies; they also urge that adverse possession, which involves a third party's claim to fee ownership of the disputed property, is not the kind of encumbrance to which the rule applies. This second issue is dispositive, although its effect is different in concept from that which plaintiffs suggest.

An encumbrance on a title to land is "any right to or interest in the land, subsisting in a third person, to the diminution of the value of the land, *though consistent with the passing of the fee by conveyance." Ford v. White, supra,* 179 Or at 494. (Emphasis supplied.) A successful claim of adverse possession works a complete transfer of the title; the adverse possessor owns the fee of the land, and the record title holder has no interest in it. *Anderson v. Richards,* 100 Or 641, 647-648, 198 P 570 (1921). A claim of adverse possession, thus, does not create an "encumbrance" on the title; it is a denial of any title at all and is inconsistent with the passing of the fee by conveyance. At the time Vincent conveyed the land to plaintiffs, he had nothing to convey, for the Lees were the fee owners of the land in question. The warranty against encumbrances of ORS 93.850(2)(c)(B), and whatever exception to it may exist, are therefore not the issue in this case. The issue is whether Vincent breached the covenant of ORS 93.850(2)(c)(A); on these facts, he did. That warranty has no

common law or other exception for adverse possession. The trial court erred in finding for defendant on his third affirmative defense.

Defendant also raised defenses of estoppel and mutual mistake. The trial court did not reach those defenses, nor did it make any determination of plaintiffs' damages if they ultimately prevailed. We therefore remand the case to the trial court for the resolution of these remaining issues.

Petition for reconsideration allowed; reversed and remanded.