Submitted on record and briefs March 22, affirmed as modified July 12, reconsideration denied August 25, petition for review denied October 26, 1989 (308 Or 465)

BRYANT et al,
*Respondents,*

*v.*

MORITZ et al,
*Respondents,*

*and*

PROHASKA et al,
*Appellants,*

*v.*

J. A. ATWOOD CORPORATION,
*Third Party Defendant,*

*and*

AMERICAN FEDERAL SAVINGS
AND LOAN ASSOCIATION,
*Intervenor - Respondent.*

(8509-05638; CA A48469)

776 P2d 1299

Fred Kopatich, Portland, filed the briefs for appellants.

Lee A. Hansen and Brown & Hansen, Portland, filed the brief for respondents Richard and Susan Bryant.

Ron D. Ferguson, Tualatin, filed the brief for respondents James Moritz and Gladys Finsass.

No appearance for respondent American Federal Savings and Loan Association.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

GRABER, P. J.

## GRABER, P. J.

Defendants Prohaska, Piper, and Mitchell (PP&M) appeal from a judgment that awarded plaintiffs damages of $10,750 for PP&M's breach of the covenant of title in the special warranty deed by which they conveyed a lot and a house to plaintiffs. PP&M assert that the breach was actually of the covenant against encumbrances and that the proper amount of damages is only $100. We modify the judgment for plaintiffs to reduce their damages to $100.[1]

The property in question is lot 16, block 38, West Portland (lot 16), which lies along Southwest 54th Avenue in an unincorporated portion of Multnomah County just north of Taylors Ferry Road. As platted, lots 14 through 18 of block 38 are each 50 feet wide and 100 feet deep. Southwest 54th Avenue runs north and south, and the lots are perpendicular to its eastern border. Lot 14 is on the south, and each of the other lots is directly north of the preceding one. A map of the property is Appendix A to this opinion.

In 1976, there were houses on lots 15 and 17, but lot 16 was vacant. It was owned by the owner of lot 15. That year, Atwood purchased lot 16, after first hiring a surveyor to determine the boundary lines (the 1976 survey). Atwood then built a house on lot 16, leaving five-foot setbacks from the surveyed boundaries with lots 15 and 17. Later in 1976, Atwood sold the property to PP&M. Plaintiffs bought lot 16 from PP&M by land sale contract in 1982; in 1984 they paid the balance due on the contract, and PP&M conveyed the lot by a statutory special warranty deed, subject to an outstanding trust deed. In 1985, the owner of lot 17 commissioned a survey of the boundary between lots 16 and 17 (the 1985 survey), which revealed that all of the boundaries between the lots are actually seven feet south of where the 1976 survey placed them.[2] As a result,

---

[1] In their brief, PP&M also raise issues concerning defendant J. A. Atwood Corporation (Atwood). However, on PP&M's motion, we dismissed the appeal as to Atwood before oral argument. We therefore do not consider those issues.

[2] Plaintiffs argued at trial that the 1976 survey was correct. The trial court found that the 1985 survey was accurate, and all parties accept that finding on appeal.

plaintiffs assert, the lot that PP&M conveyed to them is actually 43 rather than 50 feet wide.[3] Whether or not that assertion is correct, it is clear that the house on lot 16, rather than being five feet from the boundary, actually trespasses two feet onto lot 17.

During the summer of 1985, plaintiffs contracted to sell lot 16 to a third party. The boundary problem came to light at the same time as the proposed sale, and as a result the sale fell through. Plaintiffs then filed this action for a declaratory judgment to determine the true boundary and for rescission of the sale by PP&M if the court found that the 1985 survey is correct.[4] Defendants Finsass and Moritz, the owner of lot 17 and her son, counterclaimed for damages for trespass. PP&M brought Atwood into the action by a third party claim for indemnity, and in 1987 American Federal intervened. *See* n 2, *supra.* The court found that the 1985 survey is correct, awarded Finsass $100 as nominal damages for the trespass, and awarded plaintiffs $10,750 damages against PP&M for breach of the covenant of title.

**1-3.** So far as is relevant to this case, a statutory special warranty deed has the same effect as a statutory warranty deed, ''except that the covenant of freedom from encumbrances shall be limited to those encumbrances created or suffered by the grantor * * *.'' ORS 93.855(2). ORS 93.850(2)(c) states the covenants in a statutory warranty deed:

"(A)   That at the time of the delivery of the deed the grantor is seized of the estate in the property which the grantor purports to convey and that the grantor has good right to convey the same.

---

[3] Uniform application of the 1985 survey to all of the lots on block 38 would result in a lot 16 that was 50 feet wide but seven feet south of where the 1976 survey placed it. In 1987, after gaining title to lot 16 by foreclosing its trust deed, American Federal Savings and Loan Association (American Federal) intervened in the case. It moved to join the owners of the other lots on the block in order to determine all of the boundaries, including the southern boundary of lot 16. The court denied the motion for joinder, and the parties do not assign error to that ruling. As a result, the true southern boundary of lot 16 has not been judicially determined, and we cannot say that the actual width of that lot is less than 50 feet. We need not resolve that issue in the present proceeding.

[4] When plaintiffs lost the land, their claim for rescission became moot; the case continued as one for money damages.

"(B)   That at the time of the delivery of the deed the property is free from encumbrances except as specifically set forth on the deed.

"(C)   That the grantor warrants and will defend the title to the property against all persons who may lawfully claim the same."

The covenants in question here are the covenant of title and the covenant against encumbrances.

By the special warranty deed, PP&M conveyed:

"Lot 16, Block 38, West Portland, commonly known as 9700 S.W. 54th Avenue, Portland, Oregon."

Before they delivered the deed, PP&M had paper title to lot 16, and they conveyed that title to plaintiffs. The problem is not the paper title to the lot; it is where that lot lies on the land. Plaintiffs argue that PP&M did not have title to the southern seven feet of the lot, apparently because there is some evidence that suggests that the owner of lot 15 had adversely possessed that portion. Another's adverse possession of all or part of the property conveyed would breach the covenant of title. *Wright v. Hinnenkamp,* 69 Or App 591, 687 P2d 163 (1984). However, the trial court could not find that the owner of lot 15, who is not a party to this action, had acquired title to the southern seven feet, by adverse possession or otherwise, and it could not have established the boundaries for all of the lots on the block. *See* n 2, *supra.* Plaintiffs did not show that the special warranty deed did not convey the entire lot; they showed only that the lot was not located where they thought it was. The trial court's holding that PP&M breached the covenant of title, and its award of damages for that breach, were erroneous.

PP&M concede that they breached the covenant against encumbrances. They argue that, because that covenant is a covenant of indemnity, they are liable only for the $100 in nominal damages for trespass that it cost plaintiffs to cure the breach. PP&M are correct. *See Campbell v. Karb,* 303 Or 592, 597, 740 P2d 750 (1987). We therefore reduce the judgment for plaintiff to $100. Or Const, Art VII (amended), § 3.

Judgment modified to reduce damages awarded plaintiffs to $100; affirmed as modified.

# APPENDIX