Submitted on record and briefs February 19, affirmed May 12, reconsideration denied July 28, petition for review denied September 21, 1993 (317 Or 583)

PLERE PUBLISHERS, INC.,
a corporation,
*Plaintiff,*
*and*

Bruce L. MELKONIAN,
*Appellant,*

*v.*

CAPITAL CITIES/ABC, INC.,
a corporation, as such and
doing business as TypeAccess,
*Respondent.*

(9011-06865; CA A70253)

852 P2d 261

Bruce L. Melkonian, Portland, filed the briefs *pro se.*

Kenneth P. Childs and Stoel Rives Boley Jones & Grey, Portland, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

■ ■    Plaintiff's attorney appeals from an award of sanctions against him pursuant to ORCP 17. The sole issue that we discuss is whether the trial court's findings are sufficient to allow us to review the award of sanctions.

After the dismissal of a second complaint in this case, defendant moved for sanctions pursuant to ORS 20.105. The trial court held on its own motion that it would instead apply ORCP 17, because it could not award sanctions against an attorney under ORS 20.105. The trial court found:

> "The test as to whether sanctions should be imposed is whether plaintiff's attorney had a reasonable belief that the procedure he followed was proper.
>
> "I hold that no reasonable attorney could believe that the device employed here was reasonable. The admitted purpose of the dismissal and the refiling of an identical complaint was to avoid the ruling of [the trial judge in the first case]. The objective standard for the imposition of sanctions has therefore been met."

ORCP 17C provides that the court shall award sanctions for violation of ORCP 17A, which provides:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record[.] * * * The signature constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

In *Mattiza v. Foster*, 311 Or 1, 10, 803 P2d 723 (1990), the court held that the award of attorney fees under ORS 20.105(1) "is a situation in which special findings are a prerequisite to meaningful review by an appellate court." We think that the same can be said about sanctions under ORCP 17C. Meaningful review requires that the trial court make special findings supporting the imposition of sanctions.

Here, the trial court's findings show the legal basis for the award: violation of the rule against filing a pleading that the attorney could not reasonably believe was well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. *See Westfall v. Rust International*, 314 Or 553, 558, 840 P2d 700 (1992) (setting out objective standard under FRCP 11, on which ORCP 17 was modeled). The findings also adequately articulate the facts supporting the award: The court found that the second complaint was identical to the first, and that it was filed to avoid the ruling of the judge in the first case. The court's findings are sufficient for review, and we conclude that the court did not err in awarding sanctions against plaintiff's attorney under ORCP 17C.

Affirmed.