Argued and submitted April 13, affirmed on appeal; reversed and remanded for reconsideration of attorney fees on cross-appeal July 6, petition for review denied October 4, 1994 (320 Or 271)

Haralambos A. POLIZOS
and Diane Polizos,
husband and wife,
*Appellants - Cross-Respondents,*

*v.*

Marijan SKORO,
Mila Skoro, Borislav Skoro,
*Respondents - Cross-Appellants,*

*and*

. J. George MARKOFF,
dba Sentry Real Estate,
*Defendant.*

(9207-04617; CA A80391)

877 P2d 662

Wade V. Regier argued the cause for appellants - cross-respondents. With him on the briefs were John M. Petshow and Bullock & Regier, P.C.

Barton C. Bobbitt argued the cause for respondents - cross-appellants. With him on the briefs was Bobbitt & Laster, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

■ Plaintiffs appeal from a judgment in favor of defendants and assign error to the granting of defendants' motion for summary judgment on their breach of warranty claim.[1] ORCP 47. We review the evidence in the light most favorable to plaintiffs to determine whether defendants are entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). Defendants cross-appeal from the trial court's denial of their request for attorney fees. We affirm on the appeal, and reverse on the cross-appeal.

The uncontroverted facts are that, in 1987, defendants sold plaintiffs real property on which a grocery store is located adjacent to Southeast McLoughlin Boulevard in Portland, Oregon. The property was conveyed by a warranty deed, which included the following legal description of the property:

"Lots 1 and 12, Block 2, ROSS ADDITION TO SELLWOOD, *EXCEPTING that portion of Lot 1, lying Easterly of the West line of S.E. McLoughlin,* in the County of Multnomah and State of Oregon." (Emphasis supplied.)

Before the transaction closed, plaintiffs received a preliminary title report and a diagram that showed that the street right-of-way ran through lot 1. Neither document disclosed the location of the grocery store building. The deed warrants that the property is free from encumbrances except as specifically set forth in the deed. In 1990, the State of Oregon brought an action that resulted in the determination that the western boundary of the right-of-way ran through the store.

Plaintiffs offered evidence that defendants told them, before the sale closed, that the western boundary of the street right-of-way divided lot 1 at the curb line of the street, or approximately 4 feet from the store. Plaintiffs claim that it was not until after the sale that they discovered that the right-of-way included a larger portion of lot 1

---

[1] Plaintiffs also assign error to the trial court's rulings on their claims against defendant Markoff. However, because those assignments were withdrawn at oral argument as the result of a settlement reached between plaintiffs and Markoff, we do not consider them, and we refer to the Polizos as defendants.

than they had initially believed. Consequently, they brought this action against defendants for breach of warranty, fraud and negligent misrepresentation. The trial court granted summary judgment to defendants on all of plaintiffs' claims. Plaintiffs appeal and assign error only regarding the court's disposition of their breach of warranty claim.

Plaintiffs' breach of warranty claim is based on ORS 93.850, which provides, in part:

"(2)   A [warranty] deed * * * shall have the following effect:

"* * * * *

"(c)   It shall include the following covenants, each of which shall run in favor of the grantee and the successors in title of the grantee as if written in the deed:

"(A)   That at the time of the delivery of the deed the grantor is seized of the estate *in the property which the grantor purports to convey* and that the grantor has good right to convey the same.

"(B)   That at the time of the delivery of the deed *the property* is free from encumbrances except as specifically set forth on the deed." (Emphasis supplied.)

Plaintiffs allege that defendants breached the covenants required by ORS 93.580 "by conveying the property to plaintiffs when the State of Oregon retained rights in the property."

■■   Under ORS 93.850(2)(c)(A), a seller is liable for a breach of the covenant of title if the buyer receives less property than what the deed purports to convey. *See Bryant v. Moritz*, 97 Or App 481, 776 P2d 1299 (1989). Here, the deed purports to convey all of lot 1 that lies west of the western boundary of the street. Plaintiffs have in fact received what property the language in the deed purports to convey. In essence, plaintiffs' argument is that the boundary line of the street is not where defendants represented it to be located. Although defendants' representations are relevant to a claim of fraud or misrepresentation, they do not demonstrate a breach of warranty under ORS 93.850-(2)(c)(A).

■ ■     The covenant contemplated by ORS 93.850(2)-(c)(B) warrants that the property conveyed in a deed is free of all encumbrances except those specifically disclosed. A covenant that property is free of "encumbrances" within the meaning of ORS 93.850 connotes that the *premises* being conveyed are free of any interest held by a third person that diminishes the value of the land though consistent with the conveyance of a fee interest. *Leach v. Gunnarson*, 290 Or 31, 39, 619 P2d 263 (1980). Here, the deed excepts part of lot 1. There is no undisclosed encumbrance against the portion of lot 1 that is described in the deed as being conveyed to plaintiffs. This is not a situation in which an undisclosed right-of-way runs through the property being conveyed. Rather, the western boundary of the right-of-way is also the boundary of plaintiffs' property. As a result, there is no encumbrance on the property described in the deed. Therefore, defendants were entitled to judgment as a matter of law on plaintiffs' breach of warranty claim regarding encumbrances.

■     Defendants cross-appeal and argue that the trial court erred in denying their request for attorney fees as sanctions pursuant to ORS 20.105 and ORCP 17.[2] We review the trial court's decision not to award attorney fees under ORS 20.105 for an abuse of discretion. ORS 20.105(1). In *Sheehan and Sheehan*, 123 Or App 449, 452, 860 P2d 835 (1993), we held:

> "Without findings by the trial court as to why it chose not to award attorney fees, we are unable to meaningfully review the trial court's decision for abuse of discretion. Implicit in the Supreme Court's decision in *Mattiza [v. Foster*, 311 Or 1, 803 P2d 723 (1990)] is the requirement that, *whenever* the trial court considers a request for attorney fees under ORS 20.105(1), it must make findings sufficient to allow for review even if it decides not to award attorney fees." (Emphasis in original.)

Likewise, meaningful review of the trial court's decision not to award attorney fees under ORCP 17 requires that the

---

[2] Plaintiffs' argument that defendants failed to preserve the issue of attorney fees is without merit. Defendants asserted counterclaims in their answer, requesting attorney fees pursuant to ORS 20.105. Also, in their renewed motion for summary judgment, defendants requested attorney fees as a sanction under ORCP 17.

trial court make special findings. *See Plere Publishers, Inc. v. Capital Cities/ABC, Inc.*, 120 Or App 36, 38, 852 P2d 261 (1993). The trial court made no findings about why it denied defendants' request for attorney fees. We therefore remand for the trial court to make the necessary findings.

Affirmed on appeal; on cross-appeal, reversed and remanded for reconsideration of attorney fees.