David LONG,
*Appellant,*

*v.*

OCEANWAY MOTORS, INC.,
dba Cascade Chevrolet Geo,
an Oregon corporation,
Jeffery G. Koehnke and Tim Elliot,
*Respondents,*

*and*

GENERAL MOTORS CORPORATION
and Tuggle Chevrolet Company,
*Defendants.*

(94C 11966; CA A88470)

912 P2d 405

John Dumas argued the cause for appellant. With him on the brief was Kristen C. Chapin.

Joel S. DeVore argued the cause for respondents. With him on the brief was Luvaas Cobb Richards & Fraser, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Plaintiff appeals from the trial court's dismissal of his action for intentional infliction of emotional distress, its grant of summary judgment to defendants on plaintiff's action under the Unlawful Trade Practices Act (UTPA),[1] and its award of costs and attorney fees to defendants under the UTPA. We affirm plaintiff's first two assignments without discussion and write only to address his argument regarding the award of costs and fees. On that assignment, we reverse and remand for findings.

Plaintiff brought this action for damages arising from an alleged misrepresentation related to the purchase of a car from defendants. His complaint alleges claims for unlawful trade practices and intentional infliction of emotional distress. Defendants denied the allegations and sought costs and attorney fees under ORS 646.638(3), on the ground that plaintiff's unlawful trade practices claim was frivolous.[2]

On April 17, 1995, the trial court entered a judgment that purported to dispose of all of the claims of all the parties. On April 26, 1995, defendants submitted a motion under ORCP 71 to amend the April 17 judgment to dispose of their claim for costs and fees under the UTPA. On May 15, 1995, the trial court entered an amended judgment, in which it found that plaintiff's UTPA claim was frivolous and granted defendants' claim. After plaintiff filed his notice of appeal, we gave the trial court leave under ORS 19.033(4) to enter a supplemental judgment, because neither the April 17 nor the May 15 purported judgments disposed of all of the parties to the action. On July 11, 1995, the trial court entered a judgment that disposed of all of the parties and all of the claims.

■■ On appeal, plaintiff first argues that the trial court erred in amending the April 17 judgment under ORCP 71 A to include an award of costs and attorney fees to defendants.

---

[1] Claims against defendants General Motors Corporation and Tuggle Chevrolet Company had been voluntarily dismissed by plaintiff at an earlier stage of the proceedings.

[2] Although labeled as an affirmative defense in their responsive pleading, defendants' allegation that the lawsuit was frivolous and their request for attorney fees should have been designated as a counterclaim. The trial court properly treated it as such. ORCP 19 B.

That rule gives the court the authority to correct only clerical mistakes in judgments, orders or other parts of the record and errors arising from oversight or omission. *Horrocks and Horrocks*, 124 Or App 233, 236, 862 P2d 540 (1993), *rev den* 318 Or 326 (1994). Plaintiff is correct that ORCP 71 A does not give the trial court the authority to rule on an unresolved claim. However, that is of no consequence in this case. Neither the April 17 judgment nor the May 15 amended judgment disposed of all of the claims and all of the parties. Therefore, neither was a final judgment. The trial court retained the authority to revise its decision at any time. ORCP 67 B.[3] Only the July 11 supplemental judgment that disposed of all of the parties and all of the claims, including the award of costs and fees to defendants, provided the basis for an appeal.

Plaintiff argues that, even if the award of costs and fees to defendants was procedurally proper, the trial court nonetheless erred, because plaintiff's UTPA claim was not frivolous and the trial court failed to make adequate findings to justify the award. Defendants respond that in this case frivolousness is a question of law that is determined on the same record that determines summary judgment.

The trial court's May 15 letter opinion stated:

"The court finds that the plaintiff's action was frivolous, and the defendant is entitled to recover its attorney fees under ORS 646.638(3)."

Its July 11 judgment awarded costs and attorney fees to defendants.

ORS 646.638(3)(1993) provided:

"In any action brought by a person under [the UTPA], the court may award, in addition to the relief provided in this section, reasonable attorney fees at trial and on appeal and costs. *If the defendant prevails, the court may award reasonable attorney fees at trial and on appeal and costs if it finds the action to be frivolous.*" (Emphasis supplied.)

---

[3] ORCP 67 B provides, in part:

"[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*" (Emphasis supplied.)

In *Heierman v. Murray & Holt Motors*, 44 Or App 341, 605 P2d 1359, *rev den* 289 Or 1 (1980), we upheld an award of attorney fees under ORS 646.638(3), where the trial court's findings were similar to those here. In that case, the trial court's letter opinion stated:

> "The court finds that plaintiff's second cause of action was frivolous, and that defendant is entitled to attorney fees[.]"

We held that "those facts are sufficient to support the trial court's conclusion that the cause of action under the [UTPA] was frivolous." However, in *Heierman*, unlike here, the trial court had made findings in support of its grant of the defendant's motion for nonsuit that established the frivolousness of the action: The plaintiffs had neither alleged nor proved that the defendant's conduct was wilful, which is a necessary element of a cause of action under the UTPA.

In this case, the trial court made no findings to support its grant of defendants' motion for summary judgment or its determination that plaintiff's action was frivolous for purposes of awarding costs and fees to defendants under ORS 646.638(3). The court could have granted defendants' motion for summary judgment on a variety of grounds. However, in order to support the award of costs and fees under ORS 646.638(3), the court must make findings to support the conclusion that the action was frivolous. Because we have no factual record from which to make meaningful review regarding the award of costs and attorney fees under ORS 646.638(3), *see Mattiza v. Foster*, 311 Or 1, 10, 803 P2d 723 (1990) (special findings of fact by a lower court are a prerequisite to meaningful review of an award of attorney fees under ORS 20.105(1)); *Plere Publishers, Inc. v. Capital Cities/ABC, Inc.*, 120 Or App 36, 38, 852 P2d 261, *rev den* 317 Or 583 (1993) (meaningful review requires that the trial court make special findings supporting the imposition of sanctions under ORCP 17 C), we reverse and remand for findings.

Reversed and remanded for entry of findings regarding award of costs and attorney fees under ORS 646.638(3); otherwise affirmed.