Argued and submitted September 12, reversed and remanded
November 16, 2022, petition for review denied March 9, 2023 (370 Or 822)

Robert L. FREEBORN
and Donna Sue Freeborn,
*Plaintiffs-Appellants,*

*v.*

Neal DOW,
individually, and
Neal Dow Separate Property Trust,
*Defendants-Respondents,*

*and*

Robert HARRIS, et al.,
*Defendants.*

Deschutes County Circuit Court
20CV10883

Robert L. FREEBORN
and Donna Sue Freeborn,
*Plaintiffs,*

*v.*

WESTERN TITLE AND ESCROW COMPANY
and David Richardson,
*Defendants.*

Deschutes County Circuit Court
20CV34946

A176414

522 P3d 549

In this civil appeal, plaintiff seeks reversal of the trial court's entry of summary judgment on certain breach of contract and financial elder abuse claims. The dispute arose from the sale of real property and the trial court concluded the doctrine of merger by deed barred consideration of the terms of a prior contract between the parties. *Held*: The doctrine of merger by deed is subject to a long-standing exception when delivery of a deed is only part performance of a prior contract. In that exception, when the terms of an antecedent contract require performance of contractual obligations after a deed has been delivered, the deed does not serve to extinguish the remaining contractual performance, unless the parties intended otherwise. In this case, whether the parties intended the deed to extinguish all the terms of the prior contract presented a question of material fact, thus the trial court erred by determining that no questions of material fact existed, and that defendant was entitled to judgment as a matter of law.

Reversed and remanded.

Beth M. Bagley, Judge.

George W. Kelly argued the cause and filed the briefs for appellants.

Martin E. Hansen argued the cause for respondents. Also on the brief were Christopher J. Manfredi and Francis Hansen & Martin LLP.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

This appeal involves an alleged breach of contract regarding the sale of real property and requires us to consider whether the trial court correctly applied the merger doctrine to a deed that was contemplated as a condition antecedent to further obligations of the parties. The trial court granted summary judgment to defendant after concluding that "the undisputed facts do not lead me to believe that there is any exception to the doctrine of merger here."[1] As we conclude the trial court erred by entering summary judgment in favor of defendant, we reverse and remand.

In an appeal from a grant of summary judgment, we review the facts in the light most favorable to the nonmovant, plaintiffs, to determine whether there are any genuine issues of material fact and whether the movant, defendant, is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P3d 608 (1997). We state the factual background in accordance with that standard.

In 2013, plaintiffs owned approximately 125.53 acres on O'Neil Road in Redmond. The land consisted of two tracts: Tract A, surveyed to 5.65 acres, served as the residential site of plaintiffs' home; and Tract B, surveyed to 119.88 acres, was characterized by the parties as pastureland. At that time, Tracts A and B were not separate legal lots, and thus required a partition and land use approval to become separate legal lots of record.

In March of that year, plaintiffs made an agreement with defendant to sell the land for $400,000. The agreement contemplated an arrangement that would convey title to all 125.53 acres to defendant at closing, but plaintiffs would retain possession of Tract A during the land use process to partition the two tracts, and after the partition was completed, defendant would convey title to Tract A back to plaintiffs as a newly formed legal lot. The three pertinent provisions of the agreement to sell provide:

---

[1] Although the original suit named several other parties as defendants, only Neal Dow and the Neal Dow Separate Property Trust were the subject of the grant of summary judgment that is contested in this appeal. Unless otherwise specified, all references to defendant refer only to Dow and the trust.

"1.   Agreement of Sale: Effective Date. Subject to, and on the terms and conditions herein set forth, Seller hereby agrees to sell to Purchaser, and Purchaser agrees to purchase from Seller, that certain real property * * *. The intent of the parties is that the Purchaser will ultimately acquire approximately 119.8 acres of the Property ('pasture' or 'Tract B') and that Seller shall retain that certain 5.65 acres of the Property consisting of the homestead * * * ('homestead', or 'Tract A'). * * * Provided, however, that the parties acknowledge that the pasture and homestead are not separate legal parcels. Accordingly, the parties are structuring this transaction so that Purchaser will acquire the entire Property and, after the Closing, the parties will subdivide the Property to create two separate legal parcels consisting of the pasture and the homestead and, upon completion of such subdivision, Purchaser shall reconvey to Seller the homestead parcel, without warranty and subject to all existing liens and encumbrances on such homestead parcel.

"* * * * *

"8.   Future Land Use Procedures. Purchaser and Seller hereby agree to work together to complete the formal and legal separation of the homestead and pasture. Seller shall be liable for the cost of the land-use process and Purchaser shall not unreasonably withhold any assistance necessary to effectuate this land division * * *. * * * After the closing * * * Purchaser shall be entitled to the exclusive use and occupancy of the pasture parcel and Seller shall be entitled to the exclusive use and occupancy of the homestead parcel. Upon completion of the subdivision dividing the pasture and homestead, Purchaser shall convey the homestead to Seller without further consideration. * * *

"* * * * *

"21.   Survival. All warranties and representations of either party contained herein shall survive the Closing. All provisions that expressly, or by their nature, survive the Closing or termination of this Agreement shall survive."

Later that month, plaintiffs executed and delivered a warranty deed to defendant trust. After the closing of the sale and delivery of the deed, plaintiffs continued to reside in the home on Tract A.

Although not directly dispositive of the motion for summary judgment or the resolution of this appeal, plaintiffs

alleged that between 2013 and 2017, they engaged a surveying firm, attorneys, and environmental consultant to prepare reports and materials for the partition application. Plaintiffs also alleged that they spent tens of thousands of dollars in improvements in anticipation of the partition.

In July 2017, defendant listed the property for sale and the sales listing excluded Tract A. However, on October 1, 2018, defendant sold the entire property, including Tracts A and B to a third party. On October 13, 2018, an agent for the third-party buyer served an eviction notice on plaintiffs.

Thereafter, plaintiffs filed this suit, alleging breach of contract and financial elder abuse. Although separately alleged, the elder abuse claims appear to turn on questions related to the breach of contract claim; indeed, the trial court entered summary judgment on each of the claims after deciding the doctrine of merger applied without exception to the facts of this case.[2]

In the motion for summary judgment, defendant contended that two primary points entitled them to summary judgment. First, defendant contended that the doctrine of merger establishes that "when a deed is delivered pursuant to the terms of a previous agreement, the deed supersedes the contract as to all its provisions made pursuant to the terms of the latter." (Internal quotation marks omitted.) Defendant argued that because the deed contained no mention of the contractual agreement to reconvey Tract A to plaintiffs, that contractual agreement "was extinguished and superseded by the terms of the [d]eed." Second, defendant relied on ORS 93.850(b) to argue that, as a result of the statutory warranty deed, plaintiffs are "forever estopped from claiming that the [d]eed conveyed the Trust an estate or interest in the Property less than the estate or interest that the [d]eed purported to convey."

In opposition, plaintiffs asserted that the doctrine of merger does not apply to the facts of this case because the deed itself conveyed different and more property than

---

[2] Because the trial court entered summary judgment based on the doctrine of merger, our opinion is limited to only that ruling. We express no opinion on the viability of the financial elder abuse claims. *See Bates v. Bankers Life and Casualty Co.*, 362 Or 337, 345, 408 P3d 1081 (2018).

the earlier agreement required—an error they assert was due to fraud or mistake. According to plaintiffs, merger only applies when a deed is delivered and accepted as complete performance of a contract to convey, and the doctrine should only apply when it is reasonable to conclude that the parties intended "the extinction of their contractual rights and duties upon the execution of the deed."

At the summary judgment hearing, the trial court concluded that

> "the undisputed facts do not lead me to believe that there is any exception to the doctrine of merger here. The deed accurately and correctly reflects what the purchase and sale agreement said, which was that sellers were conveying all of their interest in the entire property to buyer, Dow, and at some later date the parties would undertake further action with respect to partitioning that property. But that was something post sale, after selling all rights and all interest in the property."

The trial court granted defendant's motion for summary judgment. We understand the trial court's reasoning to turn only on the doctrine of merger contention and not on the effect of the statutory warranty deed. However, because defendant argued below and to us that the statutory warranty deed provision, ORS 93.850, either modifies the existing merger case law or, in effect, provides an alternate basis for affirmance, and because the issue is likely to arise on remand, we address both the doctrine of merger and the statutory warranty deed arguments.

On appeal, both sides largely reprise their arguments from the summary judgment proceeding below. With the parties' arguments and the trial court's ruling in mind, we turn to our analysis, beginning with the doctrine of merger.

"Under the doctrine of merger, when a deed is delivered pursuant to the terms of a previous agreement, the deed 'supersedes the contract as to all its provisions made pursuant to the terms of the latter[.]'" *Archambault v. Ogier*, 194 Or App 361, 369, 95 P3d 257 (2004) (quoting *City of Bend v. Title & Trust Co.*, 134 Or 119, 127, 289 P 1044 (1930)). The contention that a deed merges a previous agreement "is but

another way of stating that parol and other extrinsic evidence is not admissible to vary an unambiguous writing." *Land Reclamation v. Riverside Corp.*, 261 Or 180, 182, 492 P2d 263 (1972).

At common law, generally a "'deed of conveyance is not ordinarily intended as the integration, or complete expression, of the terms of an agreement between grantor and grantee[,]' but, instead is 'merely the execution of a performance that was provided for in such an agreement.'" *Cron v. Zimmer*, 255 Or App 114, 123-24, 296 P3d 567 (2013) (quoting 3 *Corbin on Contracts* § 586, 491 (1960)) (brackets in *Cron*).

That is particularly true in instances where a deed constitutes only a part performance of a preexisting contract. *Stan Wiley v. Berg*, 282 Or 9, 17, 578 P3d 384 (1978); *City of North Bend v. County of Coos*, 259 Or 147, 152 n 3, 485 P2d 1226 (1971); *Cox v. Bowman et ux*, 213 Or 154, 161, 323 P2d 60 (1958). And, "where a contract of sale provides for the performance of acts other than the conveyance, it remains in force as to such other acts until full performance, unless the parties intended to surrender such stipulations." *Cox*, 213 Or at 161. "Antecedent promises of a performance to be rendered subsequently to conveyance are not discharged by any so-called 'merger' (by the acceptance of a deed); and the conveyance itself, being earlier in time than the performance to be rendered, is no accord and satisfaction." *Stan Wiley*, 282 Or at 17 (quoting 6 *Corbin on Contracts* 313-14, § 1319 (1962)).

Antecedent agreements that are consistent with the terms of the later writing and are the kind of "agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract," may be exempt from the doctrine of merger. *Hatley v. Stafford*, 284 Or 523, 528, 588 P2d 603 (1978). For instance, *Land Reclamation* involved a deed purporting to transfer real property without restriction and an antecedent contract that restricted the property to be used as a landfill. 261 Or at 184. The Supreme Court held that the antecedent contract was an agreement that might naturally be made separately from the deed, and that parol evidence was

admissible to prove the restriction on use and obligation to reconvey the property to the grantor. *Id.*[3] *Cox*, *City of North Bend*, *Land Reclamation*, and *Stan Wiley* all stand for the proposition that the doctrine of merger does not categorically apply when the deed constitutes only part performance of a preexisting contract.

We likewise reject defendant's argument that only terms that do not "affect the title, possession, quantity or emblements of the land are deemed collateral to the promise to convey," and that only such collateral terms are subject to an intention of the parties' analysis. Oregon cases for nearly 100 years indicate that when an antecedent agreement provides for performance of contractual terms due after the conveyance, the outstanding performance is not discharged by delivery or acceptance of the deed. As explained by the Oregon Supreme Court in 1923,

> "It is a general rule that acceptance of a deed in pursuance of articles of agreement for the conveyance of land is *prima facie* in execution of the contract, and satisfies and extinguishes all previous covenants which relate to, or are connected with, the title, possession, quantity, or emblements of the land which is the subject of the contract.

> "The foregoing rule, however, does not apply to provisions in the antecedent contract which are not intended by the parties to be incorporated in the deed, or which are not necessarily performed or satisfied by execution and delivery of the stipulated conveyance. And unless the deed accepted in pursuance of the prior contract purports to execute such provisions there is no presumption that the grantee intended to surrender the benefits of stipulations of the character last mentioned, or that they are satisfied by the conveyance."

*Van Hee v. Rickman et al.*, 109 Or 357, 360-61, 220 P 143 (1923) (internal citation omitted).

---

[3] The factual scenario in *Land Reclamation* also refutes defendant's contention that the nature of plaintiffs' interest in the property was a "right of reversion." The facts in *Land Reclamation* indicate that a private contract can accomplish the same effect as creation of a fee simple determinable or fee simple on condition subsequent. The contract at issue in *Land Reclamation* provided that "on or before ten years from the date of the contract, or earlier if plaintiff completed its sanitary land fill operation, plaintiff would reconvey the property to defendant by warranty deed at a price of $7,300.00." 261 Or at 182.

The rationale of the exception to the general rule discussed in *Van Hee* is similar to the rationale animating the decisions in *Land Reclamation* and *Stan Wiley*. Indeed, *Stan Wiley* relied on *Van Hee* in its discussion of the antecedent agreement rule. *See Stan Wiley*, 282 Or at 17 (citing *Van Hee*, 109 Or at 360-61). And, in *Cron*, we concluded that the doctrine of merger does not necessarily discharge future performance of an antecedent contractual obligation involving title to a property. 255 Or App at 124 (prior agreement to receive conveyance of minerals, establish a trust, and then convey mineral title to trust was collateral to deed).

In sum, we conclude that the contract and deed here fall squarely within the kind of antecedent contracts and deeds contemplated in *Van Hee* and *Stan Wiley*, and, thus, the trial court erred by concluding that the doctrine of merger barred consideration of the terms of the antecedent agreement. Whether there was intention to discharge the terms of that antecedent agreement by the deed presents questions of material fact. Summary judgment was inappropriate because defendant was not entitled to judgment as a matter of law. ORCP 47 C.

We turn to our discussion of the statutory form of warranty deed, as used by plaintiffs in the conveyance in this case. In a nutshell, defendant contends that the statutory warranty deed "extinguished and superseded" the terms of the purchase and sale agreement. The statutory form of warranty deed, ORS 93.850, prescribes the following effects:

"(2)   A deed in the form of subsection (1) of this section shall have the following effect:

"(a)   It shall convey the entire interest in the described property at the date of the deed which the deed purports to convey.

"(b)   The grantor, the heirs, successors and assigns of the grantor, shall be forever estopped from asserting that the grantor had, at the date of the deed, an estate or interest in the land less than that estate or interest which the deed purported to convey and the deed shall pass any and all after acquired title.

"(c)   It shall include the following covenants, each of which shall run in favor of the grantee and the successors in title of the grantee as if written in the deed:

"(A)   That at the time of the delivery of the deed the grantor is seized of the estate in the property which the grantor purports to convey and that the grantor has good right to convey the  same.

"(B)   That at the time of the delivery of the deed the property is free from encumbrances except as specifically set forth on the deed.

"(C)   That the grantor warrants and will defend the title to the property against all persons who may lawfully claim the same.

"(3)   If the grantor desires to exclude any encumbrances or other interests from the scope of the covenants of the grantor, such exclusions must be expressly set forth on the deed."

The statutory warranty deed form and associated legal effects of its use were adopted by the Oregon legislature in 1973, with the intention of providing a "modern simplified form of the warranty deed and also to codify the law in this state with regard to the effect of a conveyance of real property by a warranty deed in the statutory form." *Leach v. Gunnarson*, 290 Or 31, 38, 619 P2d 263 (1980). That codification reflects the historical covenants of title contained in a warranty deed at common law—*viz.*, the "covenant of seisin, the covenant of good right to convey, the covenant of quiet enjoyment, and the covenant against encumbrances." *Id.* at 36.

Under ORS 93.850(2)(c)(A), a breach of covenant exists if the buyer receives less property than what the deed purports to convey. *Polizos v. Skoro*, 129 Or App 51, 54, 877 P3d 662, *rev den*, 320 Or 271 (1994).[4] ORS 93.850(2)(c)(B) warrants that the property conveyed by a deed is free from encumbrances except those specifically disclosed. *Id.* at 55. Freedom from encumbrances in the context of this statute

---

[4] A breach of this covenant exists, if at all, at the time a deed is delivered that conveys in fact less than the deed purports to convey. *Wright v. Hinnenkamp*, 69 Or App 591, 594, 687 P2d 163 (1984). That factual scenario is not implicated in this case.

means that the "premises being conveyed are free of any interest held by a third person that diminishes the value of the land though consistent with the conveyance of a fee interest." *Id.* (citing *Leach*, 290 Or at 39). Finally, the covenant in ORS 93.850(2)(c)(C) is an agreement by the grantor of a deed to compensate "the grantee in money if title fails or, in general, to protect against adverse lawful claims and demands," but only against adverse claims with legal foundation—in other words, "hostile titles, superior in fact to that conveyed by the grantor." *Chaney v. Haeder*, 90 Or App 321, 326, 752 P2d 854 (1988). The term "covenants" "when used in connection with the conveyance of land ordinarily refers to the quality of title." *Yepson v. Burgess*, 269 Or 635, 637, 525 P2d 1019 (1974) (discussing ORS 93.850).

Given the legislative purpose of the adoption of the statutory warranty deed and codifications of the historical common law covenants of title, we cannot say that property conveyances made pursuant to a statutory warranty deed are necessarily exempt from the common law merger jurisprudence expressed in cases like *Land Reclamation* and *Wiley*. By its own terms, to the extent ORS 93.850(3) can be understood as an integration clause, the effect of that integration is limited to the "scope of the covenants of the grantor" and not necessarily every provision of a contract giving rise to the statutory warranty deed. In other words, neither the text of the statute nor the legislative purpose support defendant's asserted meaning, nor the contention that adoption of the statutory warranty deed form abrogated decades of law addressing the application of the doctrine of merger.

Moreover, contrary to defendant's assertion that plaintiffs are "forever estopped from asserting that the grantor had, at the date of the deed, an estate or interest in the land less than that estate or interest which the deed purported to convey and the deed shall pass any and all after acquired title,"[5] the facts of this case do not support an

---

[5] The origin of that statutory term traces back to common law expressions on after-acquired title. *See, e.g., Taggart v. Risley*, 4 Or 235, 241 (1872) ("[I]f the seisin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor, and all persons in privity with him, shall be estopped from ever afterwards denying that he was so seised and

applicable inference. Plaintiffs are not claiming that they had any estate or interest less than that which they purported to convey. They are simply claiming that a portion of the land that they did convey—Tract A—was subject to an antecedent agreement that plaintiffs retain possession of Tract A while working with defendant to achieve a partition and ultimately be reconveyed legal title to Tract A.

In short, ORS 93.850 does not provide an alternate basis for affirming the trial court's entry of summary judgment, nor does it have the effect that defendant contends.

Reversed and remanded.

---

possessed at the time he made the conveyance."). The purpose of that estoppel is to prevent "gainsaying," *id.*, by, for example, providing a deed purporting to convey a full interest in a property and later claiming that the deed only conveyed a one-half interest, usually after the grantor had acquired an additional interest in the property.