Submitted on record and briefs February 5, affirmed March 6, petition for review denied July 23, 1996 (323 Or 691)

# DONALD LEE TONEY, JR.,
## *Appellant,*

### *v.*

# Nicholas ARMENAKIS,
## Acting Superintendent,
## Oregon State Penitentiary,
## *Respondent.*

### (94C-13579; CA A88030)

912 P2d 911

David B. Kuhns filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, and Eleanor E. Wallace, Assistant Attorney General, filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Petitioner appeals from an award of attorney fees under ORCP 17. We affirm.

On November 11, 1994, petitioner filed a *pro se* petition for postconviction relief alleging that he was being unlawfully imprisoned. His petition listed a 1977 conviction for contempt that was used to enhance the sentence he is currently serving for another crime. The trial court signed an order appointing counsel the same day. The trial court subsequently granted the state's motion to dismiss for lack of subject matter jurisdiction. On its own motion, the trial court awarded sanctions in the form of attorney fees against petitioner. The trial court's order stated:

> "The post conviction petition was filed based upon a contempt of court and the Petitioner alleged he did not remember what the charge was and could not state a claim for post conviction relief until he obtained the file. After obtaining the file, it reflects that the defendant was convicted of the infraction of marijuana under an ounce, failed to pay a fine and the contempt proceeding was brought. Clearly this is not a matter that is covered by the post conviction relief statute[,] which covers crimes and I find that it is inconceivable how a post conviction relief petition can be filed when the Petitioner cannot even remember the underlying charge or the grounds for relief. Based upon this the petition is hereby dismissed and under ORS 20.105 the Defendant in preparing the order shall include appropriate attorney's fees based upon a bad faith claim and also shall prepare continuing garnishment upon the Petitioner's account with the State."

The judgment provided that "defendant shall have judgment against petitioner pursuant to ORCP 17 C for his reasonable attorney fees."

ORCP 17 A provides:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record * * *. A party who is not represented by an attorney shall sign the pleading, motion or other paper * * *. * * * The signature constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed *after reasonable inquiry it is well grounded in fact and is warranted by existing law*, modification or reversal of existing law, and that it is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." (Emphasis supplied.)

ORCP 17 C (1993)[1] provides:

"If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction * * *."

In *Westfall v. Rust International*, 314 Or 553, 559, 840 P2d 700 (1992), the Supreme Court held that an appeal is without merit or is frivolous

"if every argument on appeal is one that a reasonable lawyer would know is not well grounded in fact, or that a reasonable lawyer would know is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law."

The "subjective good faith of a party or a lawyer is not relevant when the imposition of the sanction is for lack of merit." *Seely v. Hanson*, 317 Or 476, 483, 857 P2d 121 (1993). In *Plere Publishers, Inc. v. Capital Cities/ABC, Inc.*, 120 Or App 36, 38, 852 P2d 261, *rev den* 317 Or 583 (1993), we held that, under ORCP 17 C, meaningful review requires that the trial court make special findings supporting the imposition of sanctions.

The trial court's findings state that the reason for the sanction was a violation of the rule against filing a pleading, motion or other paper when there was no reasonable belief that it was well grounded in fact and warranted by existing law or for which a good faith argument could be made for the extension, modification or reversal of existing law. *Westfall*, 314 Or at 558. The trial court's findings also explain the reason for the sanction: Petitioner submitted his post- conviction petition without knowing the underlying charge or the grounds for relief. After learning that the underlying charge was for the infraction of possession of less than an ounce of marijuana and contempt for failure to pay a fine, petitioner nonetheless continued to press for postconviction relief.

---

[1] The 1995 amendments to ORCP 17, by Or Laws 1995, ch 618, § 4, do not affect the issues in this case.

Postconviction relief is available to "any person convicted of a *crime* under the laws of this state[.]" ORS 138.510(1). Petitioner's conviction in 1977 for possession of less than an ounce of marijuana was "a *violation* punishable by a fine of not more than $100." *Former* ORS 167.207(3), *repealed by* Or Laws 1977, ch 745, § 54. (Emphasis supplied.) ORS 161.565 (1975) provided:

> "An offense is a violation if it is so designated in the statute defining the offense or if the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty. *Conviction of a violation does not give rise to any disability or legal disadvantage based on a conviction of a crime.*" (Emphasis supplied.)

Petitioner could not make a good faith claim for postconviction relief when he was convicted only for an infraction and did not know the nature of the underlying charge. The court's findings adequately support its award of sanctions against petitioner under ORCP 17 C.

Petitioner's contention that the trial court erred in dismissing his petition for postconviction relief is without merit.

Affirmed.