Argued and submitted October 20, 1995, affirmed April 17, petition for review denied June 18, 1996 (323 Or 483)

LEO F. MORRICAL, JR.,
*Appellant,*

*v.*

Carlton ZENON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(92C-12343; CA A86694)

914 P2d 1143

Arnold W. Poole waived oral argument and filed the brief for appellant.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Katherine H. Waldo, Assistant Attorney General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

PER CURIAM

## PER CURIAM

Petitioner filed 55 claims for post-conviction relief. The post-conviction court dismissed the claims, finding that the petition was frivolous and filed in bad faith. The court awarded attorney fees to defendant under ORCP 17 C (1993)[1] and ORS 20.105(1). Petitioner assigns error only to the award of fees, arguing that the court failed to make the analysis of bad faith under ORS 20.105 required by *Mattiza v. Foster*, 311 Or 1, 10, 803 P2d 723 (1990).

However, even if petitioner is correct that the court failed to make sufficient findings under ORS 20.105, it also cited ORCP 17 C (1993) as a basis for the award of attorney fees. The trial court stated that petitioner's claims had no basis in fact and not "one scintilla" of proof, and that petitioner was not credible. Its formal findings included that the majority of petitioner's claims were not founded in fact or law, were not made in good faith, and were made in bad faith. Petitioner makes no argument that those findings do not support an award under ORCP 17. Those findings show that the reason for the sanction was a violation of ORCP 17 A.[2] *Toney v. Armenakis*, 139 Or App 464, 912 P2d 911 (1996).

Affirmed.

---

[1] ORCP 17 was substantially amended by Oregon Laws 1995, chapter 618, section 4. Those amendments do not apply here to the November 1994 award of fees.

[2] Under ORCP 17 A (1993), the signature on a pleading was a certificate that the person signing believes that the pleading is "well grounded in fact and is warranted by existing law[.]"