Argued and submitted December 23, 1996, reversed and remanded in part; otherwise affirmed January 22, 1997

# B. Harrison CONLEY,
*Appellant,*

*v.*

# KCA FINANCIAL SERVICES, INC.,
Indiana National Bank and
First Interstate Bank of Oregon,
*Respondents.*

## (95C-11618; CA A92185)

931 P2d 808

B. Harrison Conley argued the cause and filed the briefs *pro se.*

John W. Weil argued the cause for respondent KCA Financial Services, Inc. Thomas K. Wolf argued the cause for respondent Indiana National Bank. With them on the brief were Hooper, Englund & Weil and Weinstein, Fischer, Riley, Erickson & Wolf, P.S.

Mark B. Comstock argued the cause for respondent First Interstate Bank of Oregon. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff initiated this action for unlawful debt collection and claims related to attempts to collect on a debt he had accumulated on a consumer credit account. The trial court dismissed all claims pursuant to ORCP 21. It also ordered plaintiff to pay attorney fees to defendant Indiana National Bank, now known as NBD Bank, N.A. (NBD), and its agent, KCA Financial Services, Inc. (KCA), based on an attorney fee provision in its consumer credit agreement, and it ordered plaintiff to pay attorney fees to defendant First Interstate Bank of Oregon (First Interstate) as a sanction pursuant to ORCP 17. We affirm without discussion the dismissal of plaintiff's claims and reverse and remand for reconsideration the awards of attorney fees to NBD, KCA and First Interstate for the reasons that follow.

We first address the award of attorney fees to NBD and KCA. Plaintiff opened a consumer credit account with defendant NBD. The consumer credit agreement between NBD and plaintiff provides:

> "**Collection Costs.** If we start a collection action, you agree to pay all court costs and collection fees allowed by law, including reasonable attorney's fees."

When plaintiff did not pay on his credit account, NBD engaged KCA to collect the debt. KCA initially demanded that plaintiff pay $1,106.08 but later offered to accept $750 as payment in full. Plaintiff sent a check for $320 with a note written on its face: "Accord Offered in Satisfaction of NBD Card Services Acct." KCA struck out the note on the face of the check and cashed it. When KCA continued to attempt to collect on the account, plaintiff initiated this action, contending, among other things, that the debt had been extinguished by an agreement of accord and satisfaction.

NBD and KCA did not answer. Instead, they moved for an order of dismissal under ORCP 21 A(8). The trial court granted the motion and dismissed plaintiff's claims against them. NBD and KCA then moved for an order awarding them their attorney fees under the terms of the consumer credit agreement and under ORS 646.641(2) and 15 USC § 1692k. The trial court awarded NBD and KCA their attorney fees,

although it did not specify on what basis it did so and made no findings.

On appeal, plaintiff argues that the trial court erred in awarding fees to NBD and KCA. According to plaintiff, the consumer credit agreement affords no basis for an award of attorney fees, because it applies only to a collection action initiated by NBD or KCA. As for the statutory bases for an award of fees, plaintiff contends that both ORS 646.641(2) and 15 USC § 1692k apply only upon a finding that plaintiff filed a frivolous action, and, plaintiff notes, the trial court made no such finding in this case. NBD and KCA argue that, although the consumer credit agreement, by its terms, applies only in the event of an action for collection, we should award fees in this case because they could have counterclaimed for collection of the underlying debt but did not need to do so because they obtained a dismissal of plaintiff's claims, which were, at least indirectly, precipitated by their attempt to collect on the debt. With respect to the statutory attorney fees provisions, NBD and KCA concede that a finding that plaintiff filed a frivolous claim is necessary; nevertheless, they contend that, when the trial court dismissed plaintiff's claims, it commented that plaintiff had no basis in law or in fact to assert them, and that, under this court's holding in *Morrical v. Zenon*, 140 Or App 444, 914 P2d 1143, *rev den* 323 Or 483 (1996), that comment satisfies the requirement of a finding of a frivolous filing.

■      We agree with plaintiff that the trial court erred in awarding attorney fees to NBD and KCA. First, the consumer credit agreement does not apply. It plainly states that defendants are entitled to fees only "[i]f we start a collection action." Both NBD and KCA concede that they did not start a collection action. The fact that they *could have* started a collection is immaterial. The agreement does not create a right to attorney fees in the event that they could have theoretically initiated a collection action.

■      Second, the statutes on which NBD and KCA rely do not apply either. The version of ORS 646.641(2) that applies to this case provides for an award of attorney fees only "if [the court] finds the action to be frivolous."[1] Similarly, 15 USC

---

[1] In 1995, the legislature amended ORS 646.641(2), effective September 9, 1995, to read:

§ 1692k applies only "[o]n a finding by the court that the action * * * was brought in bad faith and for the purpose of harassment * * *." In this case, the court made no finding as to the basis for its award of attorney fees. The trial court's comment that plaintiff's complaint did not state a claim is not sufficient, and our decision in *Morrical* is not to the contrary. In that case, the petitioner argued that the trial court had awarded attorney fees under ORCP 17 without making the findings required by the rule. We held that the award was appropriate, because the trial court had found that

> "petitioner's claims had no basis in fact and not 'one scintilla' of proof, and that petitioner was not credible. Its formal findings included that the majority of petitioner's claims were not founded in fact or law, were not made in good faith, and were made in bad faith."

*Morrical*, 140 Or App at 445. The trial court made no such findings in this case.

■ We next address plaintiff's contention that the trial court erred in awarding attorney fees to First Interstate. Plaintiff alleged that First Interstate is liable for honoring his check after KCA had stricken out the accord and satisfaction notation that he had written on the face of the check. The trial court dismissed the claims against First Interstate, and plaintiff moved for reconsideration. First Interstate opposed the motion for reconsideration and moved for sanctions. It cited ORCP 17,[2] although it did not specify which portion of that rule supported the imposition of the sanctions it requested. The trial court denied the motion for reconsideration and granted the motion for sanctions, awarding First Interstate attorney fees and costs. The trial court made no findings, commenting only that it based its decision on the request set forth in First Interstate's motion. The order awarding attorney fees, likewise, contains no findings.

---

"In any action brought by a person under this section, the court may award reasonable attorney fees to the prevailing party."

Or Laws 1995, ch 618, § 99.

[2] In 1995, the legislature also amended ORCP 17, Or Laws 1995, ch 618, § 4, and made the amended rule effective to all actions whether commenced before or after the effective date of the act. Or Laws 1995, ch 618, § 140(2). First Interstate's request for sanctions was filed December 22, 1995, and, therefore, subject to the amended rule.

On appeal, plaintiff contends that the trial court failed to make findings that are a prerequisite to an award of fees and costs under ORCP 17. First Interstate responds that the comments that the trial court made during argument on the motion for sanctions provide a basis for concluding that "the court implicitly applied the proper analysis." We agree with plaintiff.

ORCP 17 C provides:

"(1)   An attorney or party who signs, files or otherwise submits an argument in support of a pleading, motion or other paper makes the certifications to the court identified in subsections (2) to (5) of this section, and further certifies that the certifications are based on the person's reasonable knowledge, information and belief, formed after the making of such inquiry as is reasonable under the circumstances.

"(2)   A party or attorney certifies that the pleading, motion or other paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

"(3)   An attorney certifies that the claims, defenses, and other legal positions taken in the pleading, motion or other paper are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law.

"(4)   A party or attorney certifies that the allegations and other factual assertions in the pleading, motion or other paper are supported by evidence. Any allegation or other factual assertion that the party or attorney does not wish to certify to be supported by evidence must be specifically identified. The attorney or party certifies that the attorney or party reasonably believes that an allegation or other factual assertion so identified will be supported by evidence after further investigation and discovery.

"(5)   The party or attorney certifies that any denials of factual assertion are supported by evidence. Any denial of factual assertion that the party or attorney does not wish to certify to be supported by evidence must be specifically identified. The attorney or party certifies that the attorney or party believes that a denial of a factual assertion so identified is reasonably based on a lack of information or belief."

ORCP 17 D further provides, in relevant part:

> "(1)   The court may impose sanctions against a person or party who is found to have made a false certification under section C of this rule, or who is found to be responsible for a false certification under section C of this rule."

ORCP 17 D then concludes with the following requirement:

> "(5)   An order imposing sanctions under this section must specifically describe the false certification and the grounds for determining that the certification was false. The order must explain the grounds for the imposition of the specific sanction that is ordered."

In this case, the trial court's order imposing sanctions contained none of the findings required by ORCP 17 D(5). That the court commented at the hearing on the motion for sanctions that it based its decision on First Interstate's motion is insufficient. ORCP 17 D(5) requires that the court make findings *in the order imposing sanctions*, and that those findings include "the grounds for determining that the certification [required under ORCP 17 C] was false" and "the grounds for the imposition of the specific sanction that is ordered." The trial court's order in this case contained no such findings.

Award of attorney fees to defendants reversed and remanded for reconsideration; otherwise affirmed.